Benjamin A. Faulkner
# 90411-083
USP - Terre Haute
P.O. Box 33
Terre Haute, IN  47808



August 12, 2022

United States District Court
Middle District of Tennessee
Office of the Clerk of the Court
801 Broadway, Room 800
Nashville, TN  37203-3816

RE: 3:17-CR-00044-2 / Memorandum In Support Of Request For
                       Permission To File Second And Successive
                       §2255

Clerk of the Court,

        Greetings from the Federal Correctional Complex and United
States Penitentiary, located in Terer Haute, Indiana.  I hope
that this letter finds you well and in good health.  Enclosed you
will find an original copy of a "memorandum in support of request
for permission to file second and successive §2255", as well as
a complete §2255 form with attached exhibit.

        Please permit a copy of the above action, or at a minimum
a copy of the electronic filing receipt from the filing, or any
proof of it's filing.

        Please also note that this filing was done pursuant to the
Prison Mailbox Rule of Houston v. Lack, 487 US 266 (1988).

                                Respectfully submitted,

                                Benjamin A. Faulkner
                                # 90411-083
                                USP - Terre Haute
                                P.O. Box 33
                                Terre Haute, IN  47808

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District  Middle Distridt Of Tennessee |
|---|---|
| Name (under which you were convicted):<br>Benjamin A. Faulkner | Docket or Case No.:<br>(3:17-CR-00044-2) Crim. |
| Place of Confinement:  FCC/USP Terre Haute | Prisoner No.:  90411-083 |
| UNITED STATES OF AMERICA<br><br>v.<br><br>Benjamin A. Faulkner | Movant (include name under which convicted) |

*RECEIVED in Clerk's Office AUG 23 2022 U.S. District Court Middle District of TN*

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: __United States__

    __District Court Middle District, Of Tennessee (Nashville )__

    (b) Criminal docket or case number:  __3:17-CR-00044-2__

2. (a) Date of the judgment of conviction:  __August 15, 2019 ( ECF 239 )__

    (b) Date of sentencing:  __August 9, 2019, Amended August 15, 2019 ( ECF 239 )__

3. Identify all counts and crimes for which you were convicted and sentenced in this case: _____

    __Count 1,Engaging In Exploitation Enterprise 18 U.S.C.§2252A(g)__

    __Count 2, and 3,  Reversed Per,  United States v. Falte, 2019 US. Dist.LEXIS__

    __136500 ( M.D. TN August 13, 2019 )__

4. Length of sentence for each count or crime for which you were convicted in this case: __420 Months Concurrent__

    __with Virginia Case. -see- ( ECF 239 ).__

5. (a) What was your plea?
    - Not guilty ☐
    - Guilty ☒
    - Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give details:

    __N/A__

6. If you went to trial, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☒

7. Did you testify at the trial? Yes ☐ No ☒

8. Did you appeal from the judgment of conviction? Yes ☐ No ☒

9. If you did appeal, answer the following:

   (a) Date you filed: _____ NONE _____

   (b) Name of court: _____

   (c) Docket or case number: _____ NONE _____

   (d) Result: _____

   (e) Date of result: _____ NONE _____

   (f) Grounds raised: _____

   _____ NONE _____

   _____

   _____ NONE _____

   _____

   (g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☒

   If "Yes," answer the following:

      (1) Date you filed: _____ NONE _____

      (2) Docket or case number: _____

      (3) Result: _____ NONE _____

      (4) Date of result: _____

      (5) Grounds raised: _____ NONE _____

      _____

      _____ NONE _____

      _____

      _____ NONE _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

11. If your answer to Question 10 was "Yes," give the following information: Yes ☐ No ☒

(a) (1) Date you filed: _____ NONE _____

   (2) Name of court: _____

   (3) Docket or case number (if you know): _____

   (4) Date of filing (if you know): ___ NONE _____

   (5) Nature of the proceeding: _____

   (6) Grounds raised: _____ NONE _____

_____

_____

_____

_____

_____

   (7) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐  No ☐

   (8) Result: _____ NONE _____

   (9) Date of result: _____

(b)   If you filed any second motion, petition, or application, give the same information:

   (1) Date you filed: _____

   (2) Name of court: _____ NONE _____

   (3) Docket or case number (if you know): _____

   (4) Date of filing (if you know): _____

   (5) Nature of the proceeding: NONE _____

   (6) Grounds raised: _____

_____ NONE _____

_____

   (7) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐  No ☐

   (8) Result: _____ NONE _____

   (9) Date of result : _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☒

(2) Second petition: Yes ☐ No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

I asked Counsel, to File Appeal, Family Called to file Appeal, Attorney

but consler,who was unaware of amended dates as well as sentencing  correct

dates did not appeal,refused to do so.

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE:  The District Court Was Without Jurisdiction To Convict On Issues

That Occures In Foreign Country ( Canada ), Counsel REFUSED Appeal, Ineff-Assist.

(a) Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.): _____

Faulkner, was a Citizen of Canada, NOT the United States. Because of Ineffective

Assistance Of Counsel, Plea Agreement, Lacked Factual Basis, that included the

Foreign Commerce, One Cannot Be Guilty of Transport of Anything, he did not know

or direct to be transported, Agency was exclusively owned, operated from  Canada

not in United States, But another Business In United States, went to Canada alone

purchased items,returned alone to United States.  —see— Memorandum Attached

(b) **Direct Appeal of Ground One**:

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes ☐ No ☒
(2) If you did not raise this issue in your direct appeal, explain why: _____

Dispite Appeal requests by letter, and Family for  Defendant  to appeal

Counsel REFUSED to Appeal dispite the following claim and the request to.

(c) **Post-Conviction Proceedings**:

(1) Did you raise this issue in any post-conviction motion, petition or application? Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____NONE_____

Date motion was filed: _____

- 4 -

Name and location of the court where the motion or petition was filed: _____

_____ none _____

Docket or case number: _____

Result (attach a copy of the court's opinion and order, if available): _____

_____

_____

Date of result: _____

(3) Did you receive a hearing on your motion? Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition or application? Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal? Yes ☐ No ☐

If yes, answer the following:

Date you filed: _____ NONE _____

Name of court where the appeal was filed : _____

Docket or case number: _____ NONE _____

Result (attach a copy of the court's opinion and order, if available) : _____

_____ NONE _____

Date of result: _____

**GROUND TWO:** Double Jeopardy, the United States Erred, When it Convicted HIM

Of A Crime, That Overlapped With a Fourth Circuit Conviction For Same Offence

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.): _____

Faulkner was charged with 18 U.S.C. 2252A(g)..The Fators and Elements in the

Factual Basis, 'Overlapps with' a Previous Virginia Conviction Which contained

the Very same Facts, Dates, Victims, Ad Allegations. -see- Attached Memorandum

Counsel was ineffective in his assiatnce, as he refused to Appeal the request

after amended Sentence Date and Family and Written Pleas Passed.

_____

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: _____

Counsel was ineffective in his assistance, refusing requests for Appeal

[aft]er Sentenceing... Counsel abandoned CounselRole, -see- Attached

(c) **Post-Conviction Proceedings**:

(1) Did you raise this issue in any post-conviction motion, petition or application? Yes ☐ No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____ NONE _____

Date motion was filed: _____

Name and location of the court where the motion or petition was filed: _____

_____ none _____

Docket or case number: _____

Result (attach a copy of the court's opinion and order, if available): _____

_____ NONE _____

Date of result: _____

(3) Did you receive a hearing on your motion? Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition or application? Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal? Yes ☐ No ☐

If yes, answer the following:

Date you filed: _____ NONE _____

Name of court where the appeal was filed : _____

Docket or case number: _____ NONE _____

Result (attach a copy of the court's opinion and order, if available) : _____

_____

Date of result: _____

**GROUND THREE**: __Failure To File And Appeal, Counsel, REFUSED to FILE A__

__APPEAL AFTER SECOND SENTENCING AND  AFTER REQUESTED TO DO SO,__

(a) Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.): _____

__That Faulkner, was sentenced New,on the 15th date of August, -see- RCF 238__

- 6 -

That Counsel did not know due to abandonment what date the appeal was

he refused to file ~~xxx~~ NONE and appeal dipite being asked, and contacted by

immedicate family... And after the Sentence was increased, without Counsel

a request fro Appeal was made, but ignored, and Counsel then refused until after

to provide the     NONE  documets needed for an apeal, after he was asked.

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? Yes ☐ No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: _____

Counsel upon request to do so, Refused, and Dispite Family Requests to Do So

Counsel admitted in Letters thee wrong dates of Amended Sentence.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition or application? Yes ☐ No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ___ NONE _____

Date motion was filed: _____

Name and location of the court where the motion or petition was filed: _____

_____ NONE _____

Docket or case number: _____

Result (attach a copy of the court's opinion and order, if available): _____

_____ NONE _____

Date of result: _____

    (3) Did you receive a hearing on your motion? Yes ☐ No ☐

    (4) Did you appeal from the denial of your motion, petition or application? Yes ☐ No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal? Yes ☐ No ☐

If yes, answer the following:

Date you filed: _____ NONE _____

Name of court where the appeal was filed : _____

Docket or case number: _____

- 7 -

Result (attach a copy of the court's opinion and order, if available) : _____

_____

Date of result: _____ NONE _____

**GROUND FOUR:** _____

_____ NONE _____

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____

_____ NONE _____

_____

_____

_____ NONE _____

_____

(b) **Direct Appeal of Ground One:**

   (1)  If you appealed from the judgment of conviction, did you raise this issue? Yes ☐  No ☐

   (2)  If you did not raise this issue in your direct appeal, explain why: _____

_____ NONE _____

_____

(c) **Post-Conviction Proceedings:**

   (1)  Did you raise this issue in any post-conviction motion, petition or application? Yes ☐  No ☐

   (2)  If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: __NONE_____

Date motion was filed: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number: _____NONE_____

Result (attach a copy of the court's opinion and order, if available): _____

_____

Date of result: _____

(3) Did you receive a hearing on your motion? Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition or application? Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal? Yes ☐ No ☐

If yes, answer the following:

Date you filed: _____ NONE _____

Name of court where the appeal was filed : _____

Docket or case number: _____

Result (attach a copy of the court's opinion and order, if available) : _____

_____ NONE _____

Date of result: _____

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, state which ground or grounds have not been presented and your reasons for not presenting them:

This issue is intended for First Appeal,But Counsel, before the Ink to the

sentencing  was dry or before hearings were finished, moves and withdrw

I was not permitted to Appeal , dispte family calling, and Counsel admitting

to Long Distance Phone Calls, and admitting to getting letters, made up

incorrect statements on sentenceing dates that are not the same, in error, missing

the deadlines  for a simple appeal.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes ☐ No ☒

If "Yes," state the date of filing, the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

_____ none _____

_____

_____ none _____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____ Luke A. Evans _____

Bullock, Fly, Hornsby, Evans  P.O. Box 398 Murfreeboro, TN 37133-0398

- 9 -

(b) At arraignment and plea: _____ Same Only In record _____

_____

(c) At trial: _____ NONE _____

_____

(d) At sentencing: ___ Same One Hearing, Second NONE Abandoned ___

_____

(e) On appeal: _____ Abandoned Dispite Request And Family Calls ___

_____

(f) In any post-conviction proceeding: __ Abandoned _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____ NONE _____

_____

16. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☒ No ☐

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

United States District Court, Eastern District of Virginia, Richmond Div. _____

(b) Give the date the other sentence was imposed: ___ September 19, 2017 ____

(c) Give the length of the other sentence: ___ LIFE _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☒ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Extraordinary And Compelling Circumstances, the Pandemic, and the Belief That Counsel was going

to file and Appeal, And that Counsel refused to timely send documents, preventing facts and

issues of being appeled, and belif that a Appeal prevented the filing, Pandamic prevented

the communication in a timely manner, then Counsels incorrect information prevented this Filing, The G

Govern Ment continued to stand in way, currently Pandamic Still Exisists and Prior no movemnt was

permitted , Delay was not fault of the petitioner.

_____

- 10 -

Due diligence was not present, Counsel was refusing to send paperwork, knowing that I was seeking relief, I was not aware that the information was the same Counsel did not address this to me. And upon te discovery that the Appeal was not permitted, after I instructed my family to assist because Counsel was not availiable, in fact he left the sentence, before the Court addressed the change and increase in the sentence, I was not permitted to Appeal. Fact remains thatDouble Jeopardy Barrs as it overlapps in the case, and Foreign Commerce was not proven, and the Court found that one business was seperate from the other but counsel did not stay to notice this error either. delay was not my Fault.

\* The Antiterrorism and Effective Death Penalty Act of 1996 (" AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
    (1) the date on which the judgment of conviction became final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant him or her the relief to which he or she may be entitled in this proceeding.

I declare under penalty of perjury that the foregoing is true and correct and that this Motion Under § 2255 was placed in the prison mailing system on   August 12, 2022   (month, date, year).

_____      8/12/22
Signature of Movant                    Date

_____
Signature of Attorney (if any)

If the person signing is not movant or an attorney, state relationship to movant and explain why movant is not signing this petition.

_____

_____

_____

Case 3:22-cv-00655   Document 1   Filed 08/23/22   Page 12 of 48 PageID #: 12

Benjamin A. Faulkner
Fed. No. 90411-083
P.O. Box 33
United States Penitentiary
Terre Haute, IN 47808
In Re Pro-Se / Federal Prisoner

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

( Nashville Division )

++===================================++

| | |
|---|---|
| BENJAMIN A. FAULKNER, ) <br>     Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br>     Respondent. ) <br> ) | Case No.: <br> 3:17-CR-00044-2 |

MEMORANDUM IN SUPPORT OF

REQUEST FOR PERMISSION TO FILE

SECOND AND SUCCESSIVE 28 USC §2255(h)

++===================================++

COMES NOW, Benjamin A. Faulkner, a non-citizen of the United States,

and In Re Pro-Se, as a Federal Prisoner, MOVES this Court pursuant to Title

28 U.S.C. §2255(h) for the permission to VACATE, SET ASIDE, and REVERSE his

convictions and sentence as a direct result of the reasons that follow:

## I. INTRODUCTION

As explained below, Faulkner presents three (3) claims in his Second

and Successive §2255 motion, namely:

1) The United States lacked jurisdiction over Faulkner to convict him
   of conduct occuring entirely outside of the United States Borders.

2) The same information was used in two seperate statements of fact
   in two seperate Circuits to convict Faulkner, constituting Double
   Jeopardy.

3) Faulkner's attorney failed to appeal the Circuit Court's decision
   contrary to Faulkner's wishes.

## A. Parties Of This Action

[ Petitioner ]

1.      Petitioner is Benjamin A. Faulkner, Fed. No. 90411-083 (hereinafter
referred to as "Faulkner"), who is currently a Federal Prisoner within the
Federal Bureau of Prisons, Federal Correctional Complex and United States Pen-
itentiary, located at Terre Haute, Indiana.


2.      Faulkner is convicted in the United States District Court for the
Middle District of Tennessee, Nashville Division, on a conviction of "Engaging
in a Child Exploitation Enterprise", in violation of 18 USC §2252A(g).


3.      Faulkner was Counseled by Mr. Luke A. Evans, Attorney-At-Law, 302
N. Spring St., P.O. Box 398, Murfreesboro, TN, 37133-0398.


[ Respondent ]

4.      Respondent is the United States, who is represented by counsel,
namely Byron Jones, and S. Carran Daughtery, from the United States Attorney's
Office, 110 Ninth Avenue S., Suite A961, Nashville, TN, 37203-3870.


## II. CAUSE FOR ACTION

        In this Petition, Petitioner will adress (A) the delay in filing due
to COVID and Counsel; (B) District court lacked jurisdiction regarding Faulkner's
present conviction; (C) Conviction per plea was based on Variance of Indictment
and overlapping charges with another Federal Court; (D) Counsel failed to appeal.

A)      The delay in filing this present motion is due primarily to Faulkner's
Attorney failing to provide Faulkner with requested documents, repeatedly, in
a deliberate attempt to prevent Faulkner from filing. (SEE ECF 270, 271, 272,
273). Faulkner needed to write the Court in order to presuade his attorney to
provide the necessary documentation, and even then some of it was left unsent.
At the time of writing, certain documents remain unsent. In addition to Faulkner's
Attorney's deliberate attempts to delay filing, the ongoing COVID pandemic and
subsequent lock-downs/modified operations here at USP Terre Haute have rendered
Faulkner's attempts at research severely hindered.

B)      The District Court lacked Personal and Subject Matter Jurisdiction
to convict Faulkner for his actions occuring entirely outside of United States
control, where he is not a citizen; namely, his §2252A(g) conviction relies
on predicate violations of §2251(d)(1)(A) and §2252(a)(2), both of which req-
uire the use of "any means or facility of interstate or foreign commerce" or
"in or affecting interstate or foreign commerce" elements. Faulkner committed
these crimes in Canada, as a Canadian citizen, by distributing child porn-
ography from his home to a server located in Germany. None was sent into the
United States by Faulkner, none was sent from the United States by Faulkner,
and none of it went through the United States at Faulkner's behest. The United
States was therefore without Jurisdiction to convict Faulkner. In addition,
the government intentionally did not mention where the server was located, nor
where Faulkner was when he committed the crimes, knowing that if they did,
they would be unable to secure a conviction.

C)      Faulkner's Attorney did not protect him from a Structured Double

Jeopardy Error when he allowed Faulkner to agree to a plea that contained the same elements that Faulkner had already agreed to in a previous case, that being 3:17-CR-00045-JAG-1 out of the Eastern District of Virginia. Specifically, the prior case required Faulkner to agree that he had committed the acts required by the elements of the crime, and in the present case the Government again required that he had committed those same acts as elements for this crime too. This is a clear Double Jeopardy violation.

D)      After a conviction on the present charges at issue here, Faulkner asked his attorney to appeal (since he had signed an 'open plea', and retained his right to appeal for exactly such an occasion) through his mother. His attorney failed to do so, instead claiming that Faulkner had asked not to appeal.

These arguments are explored further within this Memorandum. For the above and foregoing reasons, Faulkner respectfully moves this Court to VACATE the sentence and conviction, remand back to Court for release, and/or any other relief that this Court deems just.

### III. JURISDICTION

#### A. The 28 USC §2255 Motion

To challenge a Federal Conviction or sentence after all appellate review opportunities have been exhausted, a Petitioner must normally file a motion under 28 USC §2255. This is used to set Aside, or Vacate a sentence or conviction. -See- (28 USC §2255)

A §2255 motion is the proper means to challenge the validity or law-fulness of a conviction. A Federal District Court has jurisdiction to enter-tain a §2255 motion only if the movant is in custody under a sentence of a Federal Court. -See- United States v. Matroba, 56 F.3d 28, 29 (6th Cir. 1995); and is the Court of conviction. -See- In Re Gregory, 181 F.3d 713, 714 (6th Cir. 1999).

## B. Timliness Exception

Section 2255 motions generally must be filed within one year of the date of which the Judgment became final, and may be extended for Extraordinary circumstances. -See- Solomon v. United States, 467 F.3d 928, 933-35 (6th Cir. 1999).

However, there are three special circumstances that can extend the time one has to file a habeas petition:

(i) If the Federal Government creates an impedament (obstruction or blockage) in violation of the Constitutional laws of the United States that precludes and prevents one from filing an application or motion (you have 1 year after the Unconstitutional or Illegal impairment to file a Habeas Petition). -See- 28 USC §2255(f); -and- Compton v. Crosby. 2005 US. Dist. LEXIS 3527298 (N.D. Fla. 2005).

(ii) If the Supreme Court announces a new retroactive legal right on which a Habeas Corpus Petition can be based. -See- 28 USC §2255 (f)(3); -and- Dodd v. United States, 545 US 352, 357 (2005).

(iii) If a new fact becomes discoverable that was not discoverable before the one year time limit, even with due dilligence. Habeas filing is one year from the time when the fact became discoverable. -See- Dobbs v. Zant, 506 US 357, 358-59 (1993).

## (1) Equitable Tolling Or Extraordinary Circumstances

In some extreme circumstances, a petitioner may qualify for "equit-

able tolling", which occurs under extraordinary circumstances when filing.
-See- Rhines v. Weber, 544 US 269, 277-78 (2005); -and- Pace v. DiGuglielmo,
544 US 408, 418 (2005)(Lawyer never informed petition that he needs to appeal,
or deadline under §2255).


     Noting that the tolling clock begins to run when the time of the
opportunity to file an appeal and Supreme Court Certiorari ends. -See- Johnson
v. United States, 246 F.3d 655, 657 (6th Cir. 2001); -and- Clay v. United
States, 537 US 522 (2003).

### (i) The Procedural Bar

     The District Courts will usually not entertain a §2255 motion if the
movant did not raise the claims either before trial (including with a Judge
at plea), or on direct appeal. -See- United States v, Frady, 456 US 152, 166
(1982); -and see- United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010);
-and- VanWinkle v. United States, 645 F.3d 365, 369 (6th Cir. 2011). And unless
it was 'explicitly' waived during the plea, not all Constitutional challenges
are waived. -See- United States v. Manigan, 592 F.3d 621, 628 (4th Cir. 2010),
or unless 'cause' can be established meaning that a prisoner was impeaded by
some 'objective factor', external to the defense, such as official interfer-
ence, making compliance with the procedural rule impractical, a fact or evidence
was not reasonably available to either counsel, or known but ineffective ass-
istance of that counsel. -See- McClesky v. Zant, 499 US 467, 493-94 (1991);
-and- Bostic v. Stevenson, 589 F.3d 160, 167-69 (4th Cir. 2009); -and- Ratliff
v. United States, 999 F.2d 1023, 1026 (6th Cir. 1993). And actual prejudice

for alleged error. -See- Frady (Supra) 456 US at 170-71 (1982); -see also-
Regaldo v. United States, 334 F.3d 520, 526 (6th Cir. 2003).

However, cause and prejudice is not required if (1) relief requested
is based on Constitutional Error, which resulted from a fundamental miscarriage
of Justice, such as a conviction of the incorrect person. -See- McClesky (Supra)
499 US at 494 (1991); -and see- United States v. Pettiford, 612 F.3d 270, 280
(4th Cir. 2010).

Especially a Petitioner challenging the validity of a Guilty plea.
-See- Bousley v. United States, 523 US 614, 623-24 (1998); -and see- Gibbs v.
United States, 655 F.3d 473, 478 (6th Cir. 2011). The District Court may be
without the power to convict someone lacking that power. -See- Sunal v. Large,
332 US 174, 178-79 (1974); -and- Logan v. United States, 434 F.3d 503, 503 n.3
(6th Cir. 2006); -and see- Strope v. United States, 664 F.Supp.2d 598 (D.SC.
2009); -and- United States v. Boyd, 259 F.Supp.2d 699, 703 (W.D. Tenn. 2003)
(noting that neither personal nor subject matter jurisdiction can be waived).
-See- Brickwood v. Datanet Engg, Inc., 369 F.3d 359, 390 (4th Cir. 2004).

## C. Equitable Tolling

This is of no strange fact, that from March of 2020, until current,
the Bureau of Prisons has been on a Nation Wide Pandemic lockdown due to
the COVID-19 emergency, and was not released under a modified program currently
is still in modified status.

The outbreak, some of which was caused by the failure of the BOP to

wear masks and protective gear, caused several outbreaks, and caused this
Petitioner to endure the COVID illness.

Faulkner has been diligently attempting to get his information from
his attorney, after he relied (as admitted by counsel) on his family to con-
tact counsel, and this was refused by counsel, the appeal was missed, as it
is the Government stood in the way of and up until now stands in the way that
ended on the 1st of November, 2021. As access to law computers, and equipment
and more was severely restricted and because of the pandemic, impossible to
complete.

Although not entirely their fault, the Government created an imped-
ament which was a blockage, that prevented the application and the Counsel
refused to address the appeal, and he refused to inform that there was a dead-
line and following up until November 1st, 2021, refused to provide records.
It took a letter to the Court to get a reply from Counsel.

Because of this impedament, Faulkner was unable to see if the facts
that caused him to become convicted where infact Double Jeopardy, and the lack
of the factual basis in this case. It should be noted that extraordinary cir-
cumstances stood in the way.

Next came the inability to answer to or file because counsel would not
send the information, as can be seen in ECFs 270, 271, 272, 273. Counsel was
not assisting in this information, and that it appears he did not want Faulkner
to proceed with the following arguments.

## IV. CLAIMS FOR THE COURT

[ Claim One - foreign Commerce ]

The United States lacked Jurisdiction, both subject Matter and Personal, to convict Faulkner of conduct occuring entirely outside of United States borders, by a non-citizen of the United States, and did not affect Interstate or Foreign commerce.

### A. Standards

Faulkner, a non-American citizen, was convicted of "Participating in a Child Exploitation Enterprise" in violation of 18 USC §2252A(g), which provides the following:

> A person engages in a child exploitation enterprise for the purposes of this section if the person violates section ... chapter 110 [which includes §2251 and §2252] ... as a part of a series of felony violations constituting three or more seperate invidents and involving more than one victim, and commits these offenses in concert with three or more other persons.

For the "series of felony violations constituting three or more seperate incidents", the government relied on three (3) violations of 18 USC §2251(d)(1)(A)[Advertising Child Pornography] and three (3) violations of 18 USC §2252(a)(2)[Distribution of Child Pornography]. They provide as follows:

> §2251(d)(2)(A) [Which relates back to 2251(d)(1)(A)]
> Such person knows or has reason to know that such advertisement will be transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer or mailed; or §2251(d)(2)(B) [Which relates back to 2251(d)(1)(A)] such notice or advertisement is transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer or mailed.
>
> §2252(a)(2)
> Any person who knowingly received, or distributed, any visual depiction using any means or facility of interstate or foreign commerce ... or has been or transported in or affecting

> interstate or foreign commerce ...
> (Emphasis Added)

In order to establish Jurisdiction, the United States must prove that Faulkner (1) transported a visual depiction of child pornography in or affecting Interstate or Foreign Commerce, or (2) using any means or facility of interstate or Foreign Commerce, as provided above. These are called "Jurisdictional Hooks".

The Constitution creates a Federal Government of enumerated powers. -See- Constitution of the United States, Art. 1 § 8; -and- United States v. Lopez, 514 US 549, 522-53 (1995). This includes the power to punish it's citizens for non-commercial conduct while a citizen resides in a foreign country. -See- United States v. Al-Maliki, 787 F.3d 784, 790 (6th Cir. 2005). However, it does not include the power to punish non-citizens for acts occuring in Foreign territory. -see- United States v. Curtiss-Wright Export Corp., 81 L.Ed.2d 255; 299 US 304 (1936)("The Constitution nor the laws passed in pursuance of it don't have any force in foreign territory"). Nor does it have power beyond it's territorial limits. -See- Picquet v. Swan, 19 F. Cas. 609; 1828 US App. LEXIS 266 (1828). Under the original meaning of the Constitution, the Foreign Commerce Clause did not give Congress the power to punish at issue here. And the Supreme Court of the United States has never thoroughly "Explored the scope of the Foreign Commerce Clause". -See- Baston v. United States, ___ US ___; 197 L.Ed.2d 478, 479 (2017). Nor has it articulated to the extent of Congress' power under the Foreign Commerce Clause to enact laws with extra-territorial reach. Normally Congress may determine what articles may be imported into this country as well as the terms upon which importation is permi

permitted. -See- <u>Board of Trustees of Univ. of Ill. v. United States</u>, 289 US
48, 57 (1904). As well as the power to regulate with foreign nations which
includes enterance of ships, importation of goods, and bringing persons to
the ports of the United States. -See- <u>United States v. ex rel Turner v. Will-
iams</u>, 194 US 279, 290 (1904). As well as Congress' ability to articulate li-
mits on the power of the States commerce with foreign nations, as the Dormant
Commerce Clause. -See- <u>Japan Line Ltd. v. County Of Los Angeles</u>, 411 US 434,
499 (1974). But Congress has never articulated what limits Congress' power to
regulate conduct occuring entirely within a foreign country. There is very
little precident or law set out to direct the lower Courts on what to do when
questions of Foreign Commerce arise.

Without clear guidance as to what to do in cases where questions
of Foreign Commerce arise in the lower courts, they generally rely on Inter-
state precident for direction. -See- <u>Baston v. United States</u>, 197 L.Ed.2d 478,
479 (2017). As a result of the above, the Sixth Circuit has held that the
internet counts as a "means or facility of interstate commerce", as required
by the Jurisdictional Hooks detailed above. -See- <u>United States v. Clark</u>, 2022
US App. LEXIS 1967 (6th Cir. 2022). However, because they are using the int-
erstate commerce precidents and not the Foreign Commerce lack-of-precident,
the assumption is that the defendant is <u>within</u> the United States, or at the
very least, a citizen. -See- <u>United States v. Thomas</u>, 893 F.2d 1066 (9th Cir.
1990)(18 USC §2251 has estraterritorial application where <u>American National</u>
shot pornographic photographs in Mexico for reasonably expected transportation
into United States); -and- <u>United States v. Harvey</u>, 3 F.3d 1318 (3rd Cir. 1993)

(violation of 18 USC §2252 did not violate international law, where United States Citizen brought illegal materials into this country, since no tenet of international law prohibits Congress from punishing wrongful conduct of it's citizens even if some of that conduct occured abroad); -and- Baston (Supra)(Justice Thomas concluding that the United States does not have the ability to regulate laws in other countries).

Addressing the other Jurisdictional Hooks, namely that of "affecting Interstate or Foreign Commerce", Congress has found that the existence of Child Pornography in and of itself contributes to a market that Congress seeks to regulate, and therefore possession, receipt, distribution, and production of child pornography all inherantly effect commerce in some way. -See- Protect Act Pub. Law. No. 108-21. The means by which the Federal Government attains jurisdiction is through the afformentioned Jurisdictional Hooks. In order to "effect interstate or Foreign commerce", however, the material needs to exist either intrastate; -See- United States v. Clark, 2022 US App. LEXIS 1976 (6th Cir. 2022). Needs to be sent across a State line (Interstate); -See- United States v. Vinton, 946 F.3d 847 (6th Cir. 2020); -and- United States v. Hopson, 134 Fed. Appx. 781, 791 (6th Cir. 2004). Or needs to be sent into or out of the Country from another country (Foreign Commerce); -See- United States v. Ohio, 354 F.2d 549, 553-54 (6th Cir. 1965); -and- United States v. Dimora, 879 F.Supp.2d 718, 736 (N.D. Ohio 2012).

When the Court is without Subject Matter Jurisdiction and Personal Jurisdiction and yet convicts a defendant, that is a fundamental miscarriage of Justice. -See- McClesky (Supra) 499 US at 494 (1991); -and- Pettiford (Supra)

612 F.3d at 280 (4th Cir. 2010). The jurisdiction was never waived via any plea agreements. -See- VanWinkle v. United States, 645 F.3d at 369 (6th Cir. 2011); -and- Ratliff, 999 F.2d at 1026 (6th Cir. 1993). Infact, Jurisdiction cannot be waived. -See- United States v. Boyd, 259 F.Supp.2d 699, 703 (W.D. Tenn. 2003); -and- Sunal v. Large, 332 US 174, 178-79 (1974); -and- Strope v. United States, 664 F.Supp.2d 598 (D.SC. 2009); -and- Logan v. United States, 434 F.3d 503, 503 N.3 (6th Cir. 2006); -and- Brickwood v. Datanet Engg. Inc., 369 F.3d 385, 390 (4th Cir. 2004).


     Finally, a criminal responsibility may not be imported without some type of element of Scienter on the part of the Defendant. -See- New York v. Ferber, 458 US 747, 765 (1982); -and- United States v. X-Citement video, 513 US 64, 74-75 (1994). And in relevance to title 18 §2251(d)(1)(A) and §2252(a)(2), the statute makes clear that the issues of the term "knowingly" must be addressed. -See- Rehaif v. United States, ___ US ___; 204 L.Ed.2d 594 (2019); -quoting- X-Citement Video (Supra), 513 US at 64 (1994). Like these cases, the perr-to-peer web site is relevant here, as they contain the knowing requirement here as well. -See- Metro-Goldwyn-Meyer Studios v. Grokster, 545 US 913; 162 L.Ed.2d 781 (2005).


## B. Facts Of The Issue

1.     Faulkner, who is not a citizen of the United States, plead guilty to a single count of Individually engaging in a Child Exploitation Enterprise, in violation of 18 USC §2252A(g). The Indictment specified three (3) seperate instances of §2251(d)(1)(A) and three (3) instances of §2252(a)(2) to support the §2252A(g) charge.

2.      Faulkner agreed to a factual basis along with the plea agreement
'Petition' that was entered on ECF 103 and 106. The factual basis does not
establish that Faulkner was aware, or intended to, distribute or advertise
specifically into or within the United States. -See- (ECF 103, 106)

3.      Within the factual basis, the language that was presented by Counsel
shows that "Faulkner was to be the Administrator of Website A". -See- (ECF
103, Page 1, Para 2)

4.      Faulkner plead to computer devices which connected to 'databases' for
Website A, but does not say where it was located and/or housed. -See- (ECF 103,
Page 2, Para 3, 4). Infact, the server for Website A and it's databases were
located in Germany.

5.      The factual basis shows that there was a 'posting' of a link on Webs-
ite A by Faulkner that contained Child Pornography, but no indication of where
Faulkner was when he made the posting nor, again, where the server was located.
-See- (ECF 103, Page 2, Para. 5). Faulkner was not reported in the United
States on this date.

6.      The factual basis shows that again on Sept. 30, 2015, there was a
posting on Website A by Faulkner that contained Child Pornography, but again
no indication of where Faulkner was when he made the post. -See- (ECF 103,
Page 2, Para. 5(b)). Faulkner was not reported in the United States on this
date.

7.      The factual basis shows that again on March 27, 2015, there was a
posting on Website A by Faulkner that contained Child Pornography, but again
no indication of where Faulkner was when he made the post. -See- (ECF 103,
Page 2, Para 5(c)). Faulkner was not reported in the United States on this
date.

8.      Faulkner was, infact, in Canada on all of the above mentioned dates.

9.      Within the factual basis of the Plea, there is no language indicating
where, geographically, the incidents were to have occured. It does not allege
where the data originated from, nor to where it was going, nor how exactly the
Jurisdictional Hooks were met. -See- (ECF 103 and 107)

10.     Within the Factual Basis of the Plea, there is no language whatso-
ever that references either Interstate or Foreign Commerce. -See- (ECF 103)

11.     Within the Plea's Factual Basis, to which Counsel believes aided the
plea (but was not filed in title), also was what he approved, was part of the
plea. Specifically, Para. 6 of the Factual Basis states: "On two occasions
between fall 2015 and October 2016 ...", Faulkner abused a minor and posted
depictions of said abuse onto Website A. This information was used to convict
Faulkner in the Eastern District of Virginia in a previous Case.

12.     At the time of arrest, and all time before, Faulkner was a citizen
and resident of Canada; he is not am American citizen, and his postings were
not clearly identified as to where they were posted from, and the plea and/or

factual basis also does not report such.


13.     No evidence exists as to where the postings were made from, and Faulkner

has evidence that he was a resident, citizen and more of Canada, outside of

the Jurisdiction of the United States, at the time of the postings.


### C. Argument Of The Issue

Faulkner's actions of advertising and distributing Child Pornography

from his home in Canada to the server for Website A located in Germany did not

"[use] any means or facility of interstate or foreign commerce", nor was it

"shipped or transported in or affecting interstate or foreign commerce". Faulkner

neither sent the information into the United States, nor from the United States,

nor through the United States; the United States was not involved in any way.

Infact, nowhere on the record does the Government allege that Faulkner's act-

ions met any of the Jurisdictional hoos required in order to prove the pred-

icate offenses.


Congress lacks the power to regulate conduct occuring entirely outside

of the United States, it's territories, Districts, or individual States that

is conducted by a non-citizen of the United States, and does not affect the

United States directly. Because Faulkner's actions had nothing to do with the

United States, Congress was without the authority to regulate his conduct and

therefore the Court was without Jurisdiction to enforce Congress' laws upon

Faulkner for his conduct.


In order for the United States to gain jurisdiction, any of the Juris-

dictional hooks defined above must be met. Faulkner clearly did not "use any

means or facility of interstate or foreign commerce" if the information was not
sent to or from the United States, via computer, the internet, or otherwise.
The 6th Circuit has held that the internet does indeed count as a "means or
facility" of commerce, but that assumes that the defendant is within the United
States, is sending information into the United States, or is atleast a citizen,
in the case of extrastate activity. Surely the 6th Circuit does not believe
that the internet in it's entirety is within the reach of the Jurisdictional
Hooks required by United States Federal Law.

Should the Government rely on the 2nd Jurisdictional Hook, namely that
of "shipped or transported in or affecting Interstate or Foreign Commerce",
that too must fail for the same reasons as above.

Congress does indeed have the authority to regulate conduct within it's
own jurisdiction, however, Faulkner was not within their Jurisdiction when the
conduct occured. In order for Faulkner's conduct to have affected Interstate or
Foreign commerce, he would have had to have sent the data from one point to
another within a State (intrastate), sent the data between States (Interstate),
or sent the data into or out of the Country (Foreign). Faulkner did none of
these things.

The United States is not the worlds law giver, and to suggest that any
distribution of Child Pornography from any place to any place on earth is within
their Jurisdiction is to over reach. As Justice Thomas puts it in Baston (Supra)
197 L.Ed.2d 478 (2017):

"Taken to the limits, the consequences of [the current understanding

of the foreign commerce clause] are startling. The foreign commerce
clause would permit Congress to regulate any economic activity any-
where in the world, so long as Congress has a rational basis to con-
clude that the activity has a substantial effect on commerce between
this nation and any other. Congress would be able to criminalize
prostitution in Australia, but also to regulate working conditions
in factories in China, pollution from powerplants in India, or agri-
cultural practices in France. I am confident that whatever the correct
interpretation of the foreign Commerce Clause power may be, it does
not confer upon Congress a virtually plenary power over global econ-
omic activity".

Indeed, this Circuit has held a similar ruling where it questioned whether
it had the power to prosecute "a citizens non-commercial conduct while the
citizen resides in a foreign nation? We doubt it". United States v. Al-Maliki,
787 F.3d 784, 791 (6th Cir. 2015). It is clear from this Circuit's ruling in
Al-Maliki and Justice Thomas's opinion in Baston that the  United States should
not have had Jurisdiction to convict Faulkner of his actions occuring entirely
outside of the United States.


        Faulkner is also not at fault for the actions of United States citi-
zens residing within the country of the United States. Whether the Child Porn-
ography or advertisements made it into the country, thus affecting interstate
or foreign commerce, is unclear. However, Faulkner did not send it here, inten-
tionally or otherwise nor did the government offer any proof of Faulkner's
intent to send it into the United State. Congress has the means and power to
criminalize United States Citizen's actions within the United States, and the
statute reflects this, however, they do not have the authority to criminalize
conduct occuring entirely outside of the United States, not affecting the United
States, and by a non-citizen. What a United States Citizen does with the adv-
ertisements and materials that Faulkner posted outside of United States Juris-
diction is up to the United States citizen, not Faulkner.

### D. Conclusion

The United States did not have Jurisdiction to convict Faulkner of his actions occuring entirely outside of the United States. The Government offers no evidence that Faulkner Affected Interstate or Foreign Commerce, as is required by the predicate offenses of Faulkner's conviction. The Government does not specify where Faulkner was when he comitted the predicate acts, or where the server was located onto which the data was uploaded. Not even the Plea's Factual Basis supports the assertion that Faulkner affected either Interstate or Foreign Commerce. Contrarily, Faulkner can prove that he was a citizen and resident of Canada at the time of the predicate offense commissions, and that the server was located in Germany. By uploading the information to the server in Germany, Faulkner did not affect Interstate or Foreign Commerce in any way, and therefore the Government lacked the jurisdiction required to convict, not to mention an entire element of the offense.

This has resulted in PLAIN ERROR, and for this reason and the others stated above, Faulkner moves this Court to GRANT this issue, and VACATE the **conviction** on Jurisdictional grounds.

[ Claim Two - Double Jeopardy ]

Faulkner, after receiving the factual basis for his plea, which is not clearly attached to the letter of the plea, and was adopted and accepted by the Court, Faulkner noticed that the information contained in the plea was the same as the information that was alleged in the Information plea in his Virginia Case, which also took place in Federal Court. The United States cannot force someone to plea information that is the same and overlaps with

another Federal Court.

## A. Standards

The Double Jeopardy Clause of the United States Constitution, in
the Fifth Amendment states that "no person shall be subject to the same offense
to be put twice in jeopardy of life and limb". (US Const. Amend. V). And app-
lies to every 'Indictment and Information'. -See- Ex Parte Lang, 85 US 163,
168-69 (1873).

The Clause protects for the same prosecution for the same offenses
[after] conviction and multiple punishments for the same offense. -See-
Buchanan v. Kentucky, 483 US 402, 422-24 (1987); -and- Ohio v. Johnson, 467
US 493 (1984). Especially for punishments for the same offense. -See- Hudson
v. United States, 522 US 93, 99 (1997). As the Double Jeopardy prohibits pun-
ishments, and attached at the original proceedings. -See- Ex Parte Lang (Supra)
85 at 173-74. When the defendant faces potential determination of guilt. -See-
United States v. Blair, 214 F.3d 690, 701 (6th Cir. 2000).

And at a bench trial (as a result of a plea), jeopardy attaches when
a Judge begins to hear the evidence. And when multiple prosecutions for a
single act (or related acts) occur, in the Supreme Court precident found in
Blockburger v. United States, if the actions between two distinct jurisdictions
has the same actions between two acts, the test to determine whether they are
multiple offenses is to see if one requires proof of facts that the other does
not. -See- Blockburger v. United States, 284 US 299, 304 (1932). But the
Blockburger test is satisfied even where there is an 'overlap' in the evi-

dence of the offenses. -See- <u>United States v. Adamo</u>, 742 F.2d 927, 946-47 (6th

Cir. 1984)(noting that the same overlap bars charges in Ohio, and Missouri

Federal Courts, as the overlaps are of "the same locations, acts, conspiracy,

and they are the facts of the same crime, and regardless if they are a lesser

included offense". -See- <u>Payne v. Virginia</u>, 468 US 1061 (1984); -and see-

<u>United States v. Robertson</u>, 606 F.3d 943, 950-53 (8th Cir. 2010). Including

<u>United States v. McCarthy</u>, 669 F.3d 1218, 1253-54 (11th Cir. 2010)(Baring sep-

erate conviction ... child exploitation enterprise ... elements the same), this

includes multiple sentences. -See- <u>United States v. Ehle</u>, 640 F.3d 689, 692-

93 (6th Cir. 2011); and guilty pleas DO NOT automatically wave the Double Jeo-

pardy claims. -See- <u>Tollett v. Henderson</u>, 411 US 258, 269 (1973). And especi-

ally when it can be ascertained from the record. -See- <u>Mena v. New York</u>, 423

US 61, 62 n.2 (1975); -see also- <u>United States v. Ehle</u> (Supra) 640 F.3d at 693.


## B. Facts Of The Issue

1.      Relevant herein, Faulkner (along with his co-defendants) was Indicted

for 18 USC §2252A(g), Engaging In A Child Exploitation Enterprise. -See- (ECF

106, 107)


2.      Further relevant herein, the "Factual Basis" that was reported by

counsel to be used and filed as an Exhibit to the 'Plea Letter', contained

the following:

> a. that in order to prove factual basis, it is required that,
> (g)(2) a person engages in a child exploitation enterprise
> for the purpose of this section if the person ... as part of a
> series of felony violations constituting THREE or more SEPERATE
> INCIDENTS and involving more than one victim and commits those
> offenses in concert with three or more other persons.

3.     In the Factual basis provided by counsel for the Defendant, in his
haste to get rid of the case, the facts he (Defendant's Counsel) provides that
prove that Faulkner committed the crime are:

> (a) In late 2016, Benjamin Faulkner, was identified as an Adminstrator
> ... Website A ... and with a co-administrator, Patrick Falte ...
> (b) Faulkner advertised and distributed ... on Website A and he
> posted:
> (i) September 14, 2015 ... video ...
> (ii) September 30, 2015 ... video ...
> (iii) March 20, 2016 ... videos ...
> (iv) On two occasions ... between fall of 2015 and October 1, 2016,
> ... traveled to meet [a minor] ... depictions of their acts were
> posted on Website A.

4.     The facts are that 'just before' this case at bar, within the
Eastern district of Virginia, at a United States District Court, Case No.
3:17-CR-00045-JAG-1, Faulkner was previously convicted in that jurisdiction.

5.     Relevant here was that Faulkner was never Indicted in the Fourth
Circuit, but instead plead guilty pursuant to an Information, waving the Ind-
ictment -See- (Virginia ECF 47, Plea Agreement ECF 48)

6.     The plea was dated 05/17/2017 in the Virginia Case, but the Indictment
in this case at bar was already filed. -See- (ECF 7, 8)("Indicted on the 29th
date of March, 2017"). The Virginia Plea was 'already signed when the Indict-
ment was issued following'.

7.     Relevant herein, within the 'plea' to the Information, the allega-
tions contained "On or about October 1, 2016, Faulkner ... traveled with the
intent ... producing child pornography". -See-(virginia ECF 48, page 2 at para5)
Compare (ECF 8, para 6, page 4 of 13, Page ID 43) and (ECF 105, 106, 107)

(exhibit factual basis, included with page 3, Para 6; which are the same).


8.      The incident, the persons involved, the place of alleged crime, and
the recorded video of the act, are the same offense, including the overlapping
plea elements.


## C. Argument

While in the Country of Canada, Faulkner was reported to have up-
loaded photos containing the issues before this Court. When he arrived in The
United States, with a visa, he was charged after being followed by authorities
in Virginia, with being involved with a minor child AND photographing the act
and posting it. This informationw as shared with the Middle District of Tenn-
essee. The Eastern District of Virginia started with the Information (that
never produced an Indictment, as it was waived), but charged with the abuse
of a minor, and having filmed the issue. Upon the information being shared,
and before the plea was even signed, Faulkner was then charged with the Child
Exploitation Enterprise in the Middle District of Tennessee. But the information
being used to convict for both of the offenses overlaps. -See- United States
v. Adam, 742 F.2d 927, 946-47 (6th Cir. 1984). And the same overlap bars char-
ges in one State, and other charges being same in another.


The single act or purpose of engaging in a sexual act with a minor,
for the purposes of obtaining visual depictions of it, as charged in Both
jurisdictions is the same. The original proceeding was still on-going within
the Eastern District of Virginia, when the Middle District of Tennessee dec-
ided to Indict Faulkner for the same incident using the same evidence and

facts, on the same victim, or minor. The violation attached at the 'original proceeding' which was the Indictment, and WAS known by counsel, he just decided to abandon his client, and refused to protect his client from a Structured Double Jeopardy Error. And the Double Jeopardy Claims were not 'waived' in any plea. -See- (ECF 103, 106, 107, referring to the Factual Basis alleged to be included); -and see- Exhibit A letter dated 11/09/2021 from Counsel, as filed, claiming this is the Plea Agreement's factual basis.)

This is an error and it is plain, and deserves to be addressed, even without an evidentiary hearing.

### D. Conclusion

It is clear that the information used in the Factual Basis of both plea agreements overlaps, and was used to convict Faulkner. For that reason, detailed above, Faulkner moves this Court to VACATE, SET ASIDE, and plea and conviction, and REMAND for further proceedings absent the DISMISSAL.

[ Claim Three - Failure To Appeal ]

Faulkner, following the plea, spoke with his attorney, Mr. Luke A. Evans, from the law office of Bulloch, Fly, Hornsby, & Evans PLLC. -See- (ECF 276 ). He admitted that Following communications with Faulkner on 08/09/2019, wherein he convinced Faulkner not to file an Appeal, but following on 08/13/19, communications from Faulkner's family (mother to be exact), asked him to file an appeal, knowing that there was a 'timeline' for the appeal. Counsel did not (per his letter) speak to Faulkner at all, as it was my belief that he would file an appeal based on aformentioned issues (in this case); Faulkner

was under the belief that the Appeal was started, the recollection of a call
that never occured, telling or instructing Counsel to appeal, was the last
request, no appeal was made after that request (and witnesses to agree with)
and admitted by Counsel, failed.  As a result, like within the case, and at
issue, Faulkner's belief that he was abandoned by counsel, and his firm sto-
pped wanting to properly inform and represent Faulkner in this case. Faulkner's
rights were violated, and counsel abandoned him.

### A. Standard

Federal Courts may consider an application for a Writ of Habeas
Corpus on the Grounds that the prisoner's confinement violates the Constitu-
tional Rights, laws, treaties of the United States. Common Habeas Corpus
claims include Sixth Amendment claims for Failure to provide effective
Assistance of Counsel. Strickland v. Washington, 466 US 668, 687 (1984).
-And See- Foust v. Houk, 655 F.3d 524, 533-37 (6th Cir. 2011).

The Federal Courts cannot consider Habeas Petitions if a Federal
prisoner has failed to present a particular claim, failing to make a timely
objection.  -See- Wainright v. Sykes, 433 US 72, 75 (1991); Amos v. Renico,
683 F.3d 720, 732 (6th Cir. 2012). A Petitioner can overcome a procedural bar
claim by demonstrating either (1) cause for the procedural default and actual
prejudice as a result of the alleged violation of Federal Law, and actual
prejudice occured as a direct result of the alleged violation of Federal Law.
-See- Coleman v. Thompson, 501 US 722, 750 (1991); -See- Amos v. Renico, 683
F.3d 720, 733 (6th Cir. 2012). Habeas Claims should not be precluded because
attorney's failure to file an appeal, is per so perjudice.

And "[A] lawyer who disregards from the Defendant the request to file an appeal, specifically the Notice of Appeal, acts in a manner that is professionally unreasonable". -See- Roe v. Flores-Ortega, 528 US 470, 477 (2000); -and see- Roman v. United States, 2021 US App. LEXIS 35224 (6th Cir. 2021) (note at 2); -and quoting- "That a test for whether a Counsel would be ineffective is (1) whether or not a rational defendant would appeal; and (2) a defendant reasonably presented his desire to Appeal to counsel." Thus if true is an error that must be returned to the Courts for the Error. -See- Graza v. Idaho, 586 US __; 203 L.Ed.2d 77, 79-82 (2019).


### B. Facts Of The Issue

1.      On 03/29/2017, Faulkner was Indicted by the Middle District of Tennessee. -See- (ECF 9).


2.      Relevant herein, Faulkner's Counsel filed several documents to set up plea hearings. -See- (ECF 95, 96, 97, 98, 101).


3.      Further, Faulkner was appointed Counsel by the Court: Mr. Luke A. Evans. -See- (ECF 45)


4.      On or about 10/28/2018, Faulkner's Counsel motioned the Court for a 'Change of Plea Heariong'. -See- (ECF 101)


5.      Counsel presented a proposed "Motion to Plea" to the District Court Judge. -See- (ECF 105, 106, 107).

6.      Nowhere did Faulkner 'give up' his rights to appeal anything. -See-
(ECF 105, 106, 107)


7.      Believing that Counsel Luke Evans was soing his appointment correctly
Faulkner, trusting that Counsel would not let him down, agreed to plea. As
he was from another country, that of Canada, not the United States, and did
not know how the process of the American Court System works.


8.      Upon sentincing on 08/09/2019, Faulkner was sentenced. -See- (ECF 240-1
Page 1 of 12, Page ID 1641 "Sealed")


9.      However, upon a motion from the parties, the Court held a hearing on
08/13/2019, wherein they adjusted the Sentence of Faulkner, following the Dis-
missat of the charges that made the Sentence Double Jeopardy issue. -See-
United States v. Falte et al, 2019 US Dist. LEXIS 136500 (at 3. Faulkner)(MD.
Tenn. 2019).


10.     On a May 26, 2021, letter Counsel Luke Evans make a 'claim' that he
personally spoke to Faulkner on 08/09/2019, and Faulkner stated he did not
want to appeal.


11.     On 08/15/2019, record shows that Faulkner was on THAT DAY sentenced.
-See- (ECF 238), not on 08/09/2019, as was made up by Counsel.


12.     Faulkner had until August 29, 2019, to appeal his sentence.


13.     On the purported 08/21/2019, Counsel created a letter claiming that

on that date, Counsel discussed representation in this case. And claimed the
conclusion of the representation in this case.

14.      Counsel created yet another letter claiming that on 08/09/2019,
Faulkner handed him a letter stating that Faulkner did not wish to appeal ...
but the re-sentencing was actually on 08/15/2019. -See- (ECF 272).

15.      Counsel then claims that Faulkner's mother emailed Counsel on 08/13/19,
asking to file a notice of appeal.

16.      No proof of 'request to wave appeal' was made. Counsel also admits
that Faulkner's family (mother) continued to contact him concerning the appeal.
-See- (ECF 272).

17.      There was not letter created for the 21, 2019 letter, the letter
referred to (mistakenly) along with the actual accounts was created on 8/21/19.

18.      Faulkner's mother did ask, upon the request of her son, Ben Faulkner,
what the status of the appeal was, because of the 'Pandemic Lockdown', starting
March (not April 2020). Contact was restricted due to the Pandemic. Counsel
was written, though he chose not to respond.

19.      Faulkner, being from another country, and not an American, wanted to
appeal, but Counsel did not want it.

### C. Argument

Per the records of the Court, not the memory of Counsel, (regardless

of his request for help from this Court), sentencing was on 08/09/2019. -See-
(ECF 224), however on 08/13/2019 this Court iossued an Opinion before sentencing.
-See- Falte (Supra) 2019 US Dist. LEXIS 136500 (M.D. Tenn. 2019), (August 13,
2019). -See- also- ECF 239. "Judgment rendered on the 15th date of August 2019).
The date started on the 15th, not the 9th. (Note: Counsel's recollection is
not correct, like the appeal request).


         The test for the Sixth Circuit is clear: In order for a Petitioner
to claim his appeal was not taken and that he asked for it, the Petitioner
must answer whether or not a rational Appellant would appeal. And then did a
defendant reasonably present his desire to appeal to his counsel. -See- Garza
(Supra) 203 L.Ed.2d 77, 79-82 (2019).


[ Would a Rational Appellant Appeal? ]
         First it must be argued that at the plea, where Mr. Faulkner pres-
ented a petition for a plea, within the plea, there was no waived of the right
to appeal. -See- (ECF 106, 107 attached as factual basis). -and see- (ECF
the plea petition - no waivers contained).


         Second, Faulkner wanted to 'appeal' the facts that involve the Double
Jeopardy. He could not understand how he was (1) guilty again when the info-
rmation overlapped in the Virginia Case (i.e. - The same case); and (2) was
Double Jeopardy; and (3) how he could be guilty of a crime in the United States
when the Creator was in the United States, Faulkner lived in Canada, and the
claims of his crime or the Factual allegations were of his own business, not
of the United States, and the dates he was living and working in Canada, without
help, and there was no evidence of conspiracy agreements.

But why would one not want to appeal, if his rights were indeed violated. A Rational Appellant without the help of competant counsel would appeal.

[Did Faulkner present a reasonable desire to appeal]

First absent intent and reason to lie, Counsel is not telling the truth, but his evidence shows this. First he claims that his sentence occured on 08/09/2019, when it actually occured on 08/13/2019. counsel mistakenly believes that Faulkner asked that he not appeal, when (1) his family called prior to the expiration of the time to appeal, and asked him to do so (his recollection). And mother asking on behalf of Faulkner should have been sufficient.

Counsel claims phone calls and emails from both Faulkner and his family begged Counsel to file an appeal, but Counsel failed to appeal. Had Counsel addressed the issues with the Defendant, the Jurisdiction issue would have been raised. But as it was, Counsel was not available, and his own recollecxtion on one date conflicts with his recollection of yet another date. What is not mistaken is that there is evidence that Faulkner wanted to appeal, adfmitted by counsel, who refused to do so. Because Faulkner was incarcerated he was unable to appeal his case. Pandemic also required Counsel due to lockdown, but Counsel maybe did not remember corectly, like he did not in documented evidence.

Appeal was requested, and witnessed by his parents and the reasons to appeal were Foreign Commerce, among other things. both Foreign Commerce/the Government lacking Jurisdiction on Faulkner's actions in Canada, as well as the Double Jeopardy issue would have been good cause issue(s), but Counsel refused and abandoned his client.

### D. Conclusion

A lawyer who disregards the request from a Defendant to file a request to appeal, specifically the Notice of Appeal, is professionally unreasonable. -see- Roe (Supra), 528 US at 477 (2000). Faulkner having Double Jeopardy issues, and having issues that his business was in the Country of Canada had issues for the Courts. Faulkner's Counsel, who even wrote letters showing conflicts in dates of contact with regard to the record of the Court, clearly was not in touch with his client, and pursuant to thge precident of this Sixth circuit was as the Circuit suggests: Unreasonabl. For this issue alone, Faulkner requests the Court to remand for further Court proceedings, as this is Unconstitutional.


### V. SUMMARY CONCLUSION

Benjamin Faulkner is before this Court, with issues that were discovered after the plea was complete, as well as after the sentence was handed down. Faulkner had discussed with Counsel, because he was not convinced, an appeal, because the United States should not have been able to convict him in America when he did not pass nor treade anything into the United States. Nor was there any uploading of anything within this Country.


But Benjamin was arrested in (First) Virginia and charged with Sexual Abuse of a Minor, without an Indictment. He plead guilty to an Information that the abuse occured, and for the reasons to produce pornography. -See- (Virginia Case ECF 49. 'The Statement of Facts').


Before the ink was dry in the Eastern District of Virginia, the United States attorney within the Middle district of Tennessee Indicted Faulkner for

his activities that occured in the Country of Canada. Specifically, the pub-
lkication of images from his computer in Canada, where he resides. In the rush
to judgment aided by the Court appointed Counsel, knowing that Faulkner did
not understand American law, convinced Faulkner "just to plead guilty" and
"get it over with", knwoing by his 30+ years of Counsel, that the information
was indeed Double Jeopardy.

Specifically before the plea agrteement or the plea hearing in the
Virginia Case was even plead to. -See- (Virginia Case ECF 47, "May 17, 2017").
The Indictment was issued in the Tennessee Case. -See- (ECF 9, March 29 2017).

And that the Petitioner is challnging a "Guilty Plea" alleging that
The United States does not appear to have had the power to convict. -See-
Logan v. United States, 434 F.3d 503, n.3 (6th Cir. 2006).

First, the United States charged Faulkner with incidents that occured
while he resided in his home Country; in Canada. But charged Faulkner with
activities that occured while he was in Canada. Specifically, Faulkner was
alleged to have an 'Enterprise', and published illegal material on specific
dates. But if true, those dates are relevant to his living and activities
while he lived in Canada. Faulkner is not an American citizen, and although
the Supreme Court has never had the opportunity to address the "Foreign Com-
merce" issue, a close intention reads thgat Congress had an articulation, that
the United States can do whateve they wanted, and without Congressional app-
roval. -See- Baston (supra).

For the above and foregoing reasons, Faulkner respectfully asks this

Court to rule on the merits of his issues, and Remand for Resentencing or whatever else this Court finds just in the matter.

## VI. DECLARATION

I, Benjamin A. Faulkner, hereby declare and affirm under penalty of perjury as set forth in the provisions of 28 USC §1746 that the Statements and representations made herein this pleading are true and correct to the best of my knowledge and belief as I set my hand below in acknowledgement of the same.

DATED: 8/12/2022

Respectfully submitted,

Benjamin A. Faulkner
# 90411-083

## VII. CERTIFICATE OF SERVICE

I, Benjamin A. Faulkner, hereby certify that a true copy of the foregoing pleading was sent by First class mail postage prepaid to: The Clerk of the Court, United States District Court, Middle District of Tennessee, at: 801 Broadway, Room 800, Nashville, TN, 37203-3816.

Respectfully Submitted,

Benjamin A. Faulkner
# 90411-083
USP - Terre Haute
P.O. Box 33
Terre Haute, IN  47808

Exhibit A



# BULLOCH FLY HORNSBY & EVANS PLLC

## ATTORNEYS AT LAW

302 North Spring Street
P. O. Box 398
Murfreesboro, TN 37133-0398
(615) 896-4154    (615) 896-4152 – Fax
lukeevans@bfhelaw.com

Frank M. Fly
Brad W. Hornsby
Luke A. Evans
Donald M. Bulloch, Jr.

Paul J. Bruno
Daniel Lyn Graves, II
Heather G. Parker
Jake C. Beggin
Michael S. Hibdon

June 30, 2021

Benjamin Alexander Faulkner 90411-083
USP Terre Haute
U. S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

RE:   *United States of America v. Benjamin Faulkner*
      United States District Court Case No. 3:17-cr-00044

Dear Ben,

I hope this letter finds you well.  Enclosed you will find a copy of the stricken version of your statement of facts, which was made an exhibit in your change of plea hearing.

Feel free to contact my office with any questions.

Sincerely,

*L Evans w/permission*

Luke A. Evans
Attorney at law








Benjamin Faulkner
#90411-083
USP - Terre Haute
PO Box 33
Terre Haute, IN 47808

REC=VED
in Clerk's Office

AUG 23 2022

U.S. District Court
Middle District of TN

Clerk of the Court
U.S. District Court
801 Broadway, Rm 800
Nashville, TN 37203-3816



INMATE
IDENTIFICATION
CONFIRMED